## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.                                                    Crim. No.: 2:10-cr-00235

THOMAS O'ROURKE,                                          OPINION

   Defendant.                                HON. WILLIAM J. MARTINI

## <u>MEMORANDUM OPINION</u>

Defendant Thomas O'Rourke, after pleading guilty, was sentenced on one count of conspiracy to commit mail fraud and ordered to pay restitution. Afterwards, the United States applied for and was granted a writ of garnishment against Defendant's Wells Fargo Individual Retirement Account. Defendant O'Rourke now seeks relief from that order and a transfer of venue to the United States District Court for the District of Connecticut. For the reasons elaborated below, all relief sought by Defendant will be **DENIED**.

## I.    FACTUAL BACKGROUND AND THE POSITION OF THE PARTIES

On April 1, 2010, Defendant entered a guilty plea to conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. He was sentenced on October 13, 2010 and ordered to pay $132,930 to the victim, his former employer, Stryker Orthopadics. At sentencing, the Court ordered that "restitution is due immediately." The Court also established an installment payment plan in regard to the balance owed, and ordered "payments of no less than $200.00" per month, and if the Defendant participates in a Prison Inmate Responsibility Program, then at a rate of "$25 every 3 months." The Government has garnished O'Rourke's IRA account at Wells Fargo in the amount of $116,939.99.

Defendant understood the order at sentencing to preclude payments in excess of the installment payments described by the Court. He argues that the Government's efforts to garnish his IRA monies are a violation of due process. *See, e.g..*, 18 U.S.C. § 3572(d)(1) ("A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments."). He also claims that IRA funds are exempt from garnishment; and that the garnishment puts an undue burden on his wife (who is the named beneficiary on the account) and is a hardship due to their changed financial circumstances.

Finally, Defendant seeks to change the venue of these proceedings to the United States District Court for the District of Connecticut in order to convenience his wife's participating in these proceedings.

The Government opposes all relief sought by Defendant.

## II.    JURISDICTION

The Court's jurisdiction is founded on 28 U.S.C. §§ 1331; 3202(d), and in connection with the underlying criminal litigation.

## III.    ANALYSIS

### A.    The Government May Seek To Garnish The Individual Retirement Account Notwithstanding The Installment Plan Set At Sentencing.

In *United States v. Shusterman*, 331 Fed. Appx. 994 (3d Cir. June 19, 2009), the Third Circuit explained:

> [Defendant] . . . argues that the District Court erred in ordering garnishment where it had set a payment schedule for restitution at sentencing. We disagree. As discussed above, the applicable statutes allow the Government to enforce restitution orders via a garnishment order. [Defendant's] criminal judgment is not to the contrary. The judgment provides that restitution is due immediately and recommends that [Defendant] participate in the Bureau of Prisons Inmate Financial Responsibility Program. The judgment further provides that, in the event the entire restitution is not paid before the commencement of supervision, [Defendant] shall pay monthly installments of not less than $250.00. The District Court did not err in allowing garnishment as an additional means to collect the restitution judgment. *See United States v.*

> *Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (per curiam) (rejecting argument that writ of garnishment was improper where the criminal judgment specified that restitution be paid in installments).

*Id.* at *2. Although not precedential, *Shusterman*, appears to state law of this and every other federal court which has spoken to this question. In other words, when a district court determines at sentencing that "restitution is due immediately," its order extends to the entire amount due. Court specified installment programs establish *floors* in regard to Defendant's payments, but at all times the debt is due and the Government may move to garnish that entire amount if funds are available. *Compare* Restitution and Forfeiture Order, Oct. 13, 2010 ("Restitution is due immediately. Defendant shall pay monthly installment of no less than $200 . . . . If the defendant participates in the IRFR, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months . . . ."), *and United States v. James*, 312 F. Supp. 2d 802, 804-06 (E.D. Va. 2004) (holding that installment plan does not restrict the government from garnishing debt where the debt "is due and payable immediately"), *with United States v. Roush*, 452 F. Supp. 2d 676, 682 n.11 (N.D. Tex. 2006) (limiting the Government to the payment schedule because the judgment did not determine that the debt was "due and payable immediately"). Additionally, the Court also notes that allowing Defendant to make restitution exclusively under the terms of the installment plan, where he has other funds available to make greater payments, would undermine Congress' policy directing "full and *timely* restitution." 18 U.S.C. § 3771(a)(6) (emphasis added). At the rate of $200 per month, as outlined in the installment plan, the Defendant will not have made restitution as late as 20 years from now – even leaving claims for interest on the principal aside. Such a result does not appear to be what Congress intended.

## B.   The IRA Account Is Not Exempt From Garnishment.

For the purpose of this opinion the Court assumes, without deciding, that Defendant's IRA account is covered by the anti-alienation provision of ERISA. *See* Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1056(c), (d)(1); *United States v. Wahlen*, 459 F. Supp. 2d 800, 821 (E.D. Wis. 2006) ("Assuming that the IRA and ESOP are subject to the anti-alienation provisions of ERISA . . . ."). In interpreting the anti-alienation provision, the Supreme Court held that ERISA plan benefits are exempt from seizure for lawful debt absent an express statutory exception. *See Guidry v. Sheet Metal Workers National Pension Fund*, 493 U.S. 365 (1990). However, the holding in *Guidry* was superseded by statute. *See* Mandatory Victim Restitution Act of 1996, 18 U.S.C. § 3613(a). Section 3613(a) "operates as a congressionally-created exception to the [ERISA] anti-alienation provision in 29 U.S.C. § 1056(d)." *James*, 312 F. Supp. 2d at 805. Thus, it appears that there is no basis to exempt Defendant's IRA account from garnishment. *Cf. Velis v. Kardanis*, 949 F.2d 78, 82 (3d Cir. 1991) (holding that Debtor's IRA account was not excluded from property of Debtor's

bankruptcy estate because IRA accounts are not required to have anti-alienation/assignment provisions under ERISA).

### C.    Restitution In Full Is Not An Undue Burden.

Defendant O'Rourke argues that the garnishment of the IRA account places an "undue burden" on his wife. Fed. R. Civ. P. 26(b)(2)(B). Rule 26 has application to discovery, not to these proceedings. As to his claim of a material change in his economic circumstances in connection with his incarceration, this change was hardly unexpected. *See* 18 U.S.C. § 3572(d)(3). It is not a material change. This change happens to nearly all felons sentenced to any period of incarceration. Moreover, the statutory provision Defendant relies on, 18 U.S.C. § 3572(d)(3), speaks to fines, not restitution. *See also* 18 U.S.C. § 3572(d)(1) (distinguishing fines from restitution).

As no colorable objections to the writ of garnishment have been put forward by Defendant, no hearing will be granted.

### D.    Motion to Transfer Venue.

Defendant seeks a change of venue to the United States District Court for the District of Connecticut. *See* 28 U.S.C. § 1404; 28 U.S.C. § 1391(b); Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. He does this to convenience his wife, who lives in Connecticut, who is interested in this litigation as a beneficiary of Defendant's estate, including his IRA account. Defendant, however, is the sole owner of the disputed IRA account. His wife's contingent interest is too tangential to justify transferring these proceedings to Connecticut for her convenience. Additionally, venue is proper and judicial resources are conserved where the garnishment proceedings are before the same court which tried the underlying crime. *See United States v. Lazorwitz*, 411 F. Supp. 2d 634 (E.D.N.C. 2005). Finally, to the extent that the transfer was requested in order to convenience Defendant's wife's observing or participating in a hearing on Defendant's motion objecting to the writ of garnishment, the Court has already determined that no such hearing will be held, as those claims lack validity. *See* 28 U.S.C. § 3202(d).

## IV.    CONCLUSION

For the reasons elaborated below, all relief sought by Defendant is **DENIED**. An appropriate order accompanies this memorandum opinion.

s/ William J. Martini

**DATE: July 25, 2011**                          **William J. Martini, U.S.D.J.**

4